

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-22-00123-CR

**THE STATE OF TEXAS,**

                                                        **Appellant**

 **v.**

**ADAM MARK FORD,**

                                                        **Appellee**

_____

### From the 278th District Court
### Walker County, Texas
### Trial Court No. 29551

_____

## OPINION

_____

Adam Mark Ford was charged by grand jury indictment with the third-degree felony offense of assault upon a person with whom Ford had a dating relationship by impeding the person's normal breathing or circulation. A jury found Ford guilty. During the punishment phase, the trial court found two alleged prior felony convictions true, assessed Ford's punishment at twenty-five years in the penitentiary, and sentenced him accordingly. The State of Texas brings this appeal challenging the trial court's granting of Ford's motion for new trial. We will affirm.

## Background

During Ford's trial, Deputy Chace Fryar testified about his investigation. Fryar, on multiple occasions, used his offense report to refresh his memory during his testimony. In total, Fryar's report was referenced before the jury on approximately fifteen separate issues. The record before us does not reflect that Fryar's report was marked or offered as an exhibit during the trial. Additionally, during Fryar's testimony, he was asked by the State whether he believed the victim was strangled, and he answered in the affirmative. After the jury began deliberations, the presiding juror sent a note to the trial court asking to see a copy of Fryar's report. The trial court responded that Fryar's report was not in evidence. The presiding juror also requested Fryar's testimony regarding whether the strangulation occurred, and the trial court obliged the read-back request.

After his sentencing, Ford filed a motion for new trial asserting grounds for relief under Rule 21.3 of the Rules of Appellate Procedure. *See* TEX. R. APP. P. 21.3. As relevant here, Ford argued that a new trial should be granted because:

(1) the trial court had misdirected the jury regarding the law by denying the jury's request to view an offense report that had not been admitted into evidence, *see id.* R. 21.3(b), and

(2) "[t]he verdict has been decided by lot or in a manner other than through a fair expression of the juror's opinion. Specifically, Defendant would show that the jury decided the verdict by lot when they decided the case based solely on 'the belief' of a

testifying officer, evidence that was admitted over the objection of counsel." *See id.* R. 21.3(c).

After a hearing on the motion for new trial, the trial court issued a letter ruling that granted the motion for new trial and made supporting findings. In granting Ford's motion for new trial, the trial court first stated that it was making the following ruling: "The court may grant a new trial when the court has misdirected the jury about the law or committed some other material error likely to injure the rights of the Defendant[.] TRAP 21.3(b)." "[W]ith reference to the above," the trial court then made findings (a)-(f). Findings (a)-(e) were all related to Ford's argument that the trial court improperly refused to allow the jury to review Fryar's offense report. Finding (f) then stated: "These findings above are further reinforced due to the fact that the Officer over objection was allowed to render an opinion as to whether he believed the offense had taken place."

## Issue

In one issue, the State contends that the trial court abused its discretion in granting Ford's motion for new trial because the trial court did not misdirect the jury about the law when it denied the jury's request, while deliberating, for an offense report that had not been admitted into evidence. The State does not challenge in its original brief the finding that "the Officer over objection was allowed to render an opinion as to whether he believed the offense had taken place," *i.e.*, Finding (f).

Ford argues that we should affirm the trial court's order granting the motion for new trial because Finding (f) is an unchallenged ground for granting Ford's motion for

new trial. The State argues in its reply brief that: (1) it did not have to challenge Finding (f) because Finding (f) was not an independent basis on which the trial court granted Ford's motion for new trial, and (2) even if Finding (f) was an independent basis on which the trial court granted Ford's motion for new trial, the trial court erred in granting the motion on that basis.

The State contends that Finding (f) is not an independent basis upon which the trial court based its decision because the trial court stated in Finding (f) that the "findings above are further *reinforced* due to the fact that the officer over objection was allowed to render an opinion as to whether he believed the offense had taken place." [Emphasis added.] We disagree. Furthermore, although Ford did not assert such a specific ground in his motion for new trial, the trial court may have made Finding (f) because the trial court believed the jury was misdirected about the law or because it believed it had committed some other material error likely to injure Ford's rights by allowing the officer to render an opinion as to whether he believed the offense had taken place under Rule 21.3(b). *See* TEX. R. APP. P. 21.3(b). But the State did not raise an issue in its original brief arguing that the trial court granted the new trial on grounds not alleged in Ford's motion for new trial. It is in the State's reply brief that the State first asserts that it was error to grant a new trial on the finding contained in Finding (f).

"[C]ourts of appeals can consider arguments and authorities in a reply brief that are related to the arguments in the original brief"; however, "new issues raised in a reply

brief should not be considered." *Chambers v. State*, 580 S.W.3d 149, 161 (Tex. Crim. App. 2019).

In its original brief, the State raised one specific issue: "Did the trial court misdirect the jury about the law by not allowing them to examine the offense report, which was not admitted as evidence?" As indicated above, the State did not raise any argument in its original brief about the officer being improperly allowed to render an opinion as to whether he believed the offense had taken place. Such an argument in the State's reply brief would therefore be a new issue that we cannot consider.

## Conclusion

We conclude Finding (f) is an unchallenged independent ground upon which the trial court granted a new trial. Thus, even if we were to sustain the State's sole issue raised in its original brief, Finding (f) remains as an unchallenged ground supporting the trial court's grant of a new trial. *See State v. Antram*, Nos. 11-09-00211-CR, 11-09-00212-CR, 11-09-00213-CR, 11-09-00214-CR, 2010 WL 1500866, at *1 (Tex. App.—Eastland Apr. 15, 2010, no pet.) (per curiam) (mem. op., not designated for publication).

We therefore affirm the trial court's order granting Ford's motion for new trial.


MATT JOHNSON
Justice

Before Chief Justice Gray,
 Justice Johnson, and
 Justice Smith
Affirmed
Opinion delivered and filed July 12, 2023
Publish
[CRPM]

